**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1, and Justin McCrary, Plaintiffs,**

**v.**

**David M. STONE, in his official capacity as Administrator, Transportation Security Administration, United States Department of Homeland Security, Defendant.**

**No. Civ. 3:04–CV–1219H.**

United States District Court,
N.D. Texas, Dallas Division.

Nov. 2, 2004.

Rod Tanner Rod Tanner & Associates Fort Worth, TX, Gony Frieder Office of General Counsel AFGE, Washington, DC, Mark D Roth American Fed Of Gov't Employees Washington, DC, for plaintiffs.

Frank Dounell Able, U.S. Attorney's Office Dept. of Justice, Dallas, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court are Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed September 8, 2004; Plaintiffs' Response, filed October 8, 2004; and Defendant's Reply, filed October 25, 2004. For the following reasons, the Court is of the opinion that Defendant's Motion should be GRANTED in its entirety.

### I. Background

Plaintiff Justin McCrary ("McCrary") is a federal employee as a security screener in the Transportation Security Administration (TSA) at the Dallas Love Field Airport. (Pl.'s 1st Am. Compl. at 2.) McCrary began his employment there in September 2002. (*Id.*) A conditional appointment letter was provided to McCrary indicating that his yearly base salary would be $26,257 and that he would receive a locality pay adjustment of an additional 10.9%, raising his total salary to $29,120. (*Id.* at 4.) McCrary alleges that he has not been paid the amount offered in the conditional appointment letter. (*Id.*) Plaintiff American Federation of Government Employees Local 1 ("AFGE Local 1") is a union which represents federal employees as a lobbyist on their behalf and which represents federal employees in collective bargaining disputes. (*See* Pl.'s Resp. at 20). Plaintiffs sues under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) for violation of Plaintiff's Fifth Amendment and contract rights and directly under the Fifth Amendment of the Constitution. (*See* Pl.'s Resp. at 7, 13). D

### II. Standard

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir.2001), *cert. denied*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002).

### A. Rule 12(b)(1) Motion

Plaintiffs bear the burden of proving jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001);

*Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir.1995). A District Court properly grants a motion to dismiss for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *John Corp. v. City of Houston,* 214 F.3d 573, 576 (5th Cir.2000) (citation omitted). Plaintiffs allege federal jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1331. (Pl.'s Compl. at 3; Pl.'s Resp. at 13).

At the threshold, the Court considers whether Defendant's challenge to jurisdiction is a "factual attack" or a "facial attack." *Irwin v. Veterans Administration,* 874 F.2d 1092, 1096 (5th Cir.1989), *aff'd,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435; *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981). "[I]f the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." *Paterson,* 644 F.2d at 523; *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2001). "An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Irwin,* 874 F.2d at 1096. Once a "factual attack is asserted, the plaintiff has the burden of proving facts to invoke the court's jurisdiction by a preponderance of the evidence". *See Paterson,* 644 F.2d at 523 (explaining the distinction between a "facial attack and a factual attack upon a complaint" under Rule 12(b)(1)); *see also Middle S. Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir.1986).

█ "Dismissal [for want of subject matter jurisdiction] is proper only when it appears certain that the Plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief." *Home Builders Ass'n of Miss., Inc. v. City*

*of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998); *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900, 904 (5th Cir. 1997) (quoting *Saraw Partnership v. United States,* 67 F.3d 567 (5th Cir.1995)). In determining whether subject matter jurisdiction exists, the Court may evaluate (1) the complaint; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *See Robinson,* 117 F.3d at 904; *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

### B. Rule 12(b)(6) Motion

In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the non-movant's well-pleaded factual allegations and any reasonable inferences to be drawn from them. *See Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994). "Federal Rule of Civil Procedure 8(a)(2) ... provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief....' 'Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions [such as Rule 9(b)].'" *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Generally, the Court may not look beyond the pleadings, except in instances where public officials' qualified immunity is raised. *Compare Mahone v. Addicks Util. Dist.,* 836 F.2d 921, 936 (5th Cir.1988) *with Babb v. Dorman,* 33 F.3d 472 (5th Cir.1994) [*and* ] *Schultea v. Wood,* 47 F.3d 1427 (5th Cir.1995) [*and* ] *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985).

Dismissal for failure to state a claim is not favored by the law. *Mahone,* 836 F.2d at 926. A Plaintiff's complaint "should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); *Grisham v. United States*, 103 F.3d 24, 25–26 (5th Cir.1997); *Adolph v. Federal Emergency Management Agency*, 854 F.2d 732, 735 (5th Cir.1988) (court may dismiss a claim under 12(b)(6) only if "it appears to a certainty that no relief can be granted under any set of facts provable in support of its allegations or if the allegations, accepted as true, do not present a claim upon which relief can be legally obtained.") However, "there are times when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Mahone*, 836 F.2d at 927 (emphasis in original).

## III. Analysis

Defendant brings the instant Motion under both Rules 12(b)(1) and 12(b)(6). (Def.'s Br. at 1).

### A. AFGE Standing

Defendants challenge AFGE's standing to bring a claim as a representative of McCrary or in its own right. (Def.'s Br. at 14–18.) Plaintiffs have not asserted that AFGE has suffered an injury unique from that suffered by McCrary. (*See* Pl.'s Resp. at 18–21). Therefore, the Court will only consider whether AFGE has representational standing. (*See id.*)

■ "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995). To demonstrate standing, a plaintiff must allege facts demonstrating three elements: (1) that plaintiff suffered an injury in fact that is both concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct complained of; and (3) that it is likely, rather than merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 743, 115 S.Ct. 2431 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

■■ Representational standing of an individual by an organization is determined by a three-part test: (1) the organization must seek to protect interests that are germane to its purpose; (2) its members must have standing to sue in their own right; and (3) neither the claim asserted nor relief requested requires individual members' participation. *See Friends of the Earth v. Laidlaw Envtl. Svcs.*, 528 U.S. 167, 181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). AFGE has not been elected to represent McCrary in employment disputes with its employer. *See United States Dep't of Homeland Security and AFGE AFL–CIO*, 59 F.L.R.A. No. 63, 2003 WL 22669101 (Nov. 4, 2003); *AFGE v. Loy*, 367 F.3d 932, 934–35 (D.C.Cir.2004). Accordingly, it is improper to consider McCrary a "member" of AFGE for purposes of determining AFGE's standing to sue on behalf of McCrary. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 287–88, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 65–66, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); *Allee v. Medrano*, 416 U.S.

802, 820 n. 13, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974). Therefore, AFGE fails to meet the three part test for representational standing establishing in *Hunt,* and AFGE must be DISMISSED as a party to the suit.

### B. McCrary

McCrary raises two claims against Defendant: a constitutional claim arising under the Little Tucker Act and the Fifth Amendment and a breach of contract claim arising under the Little Tucker Act.

### 1. Constitutional Claim

McCrary's constitutional claim is based upon a deprivation of a property interest without due process. (*See* Pl.'s Compl. at 6). McCrary alleges subject matter jurisdiction for his constitutional claim under 28 U.S.C. § 1331 and U.S.C. § 1346(a)(2).[1]

■ McCrary's constitutional claims for back pay are preempted by the Civil Service Reform Act. 5 U.S.C. §§ 2301(b)(2), 2302(b)(11). *See* 5 U.S.C. §§ 2101, 2103 (applying Civil Service Reform Act to "all appointive positions in the executive, judicial, and legislative branches of the Government," including the "excepted service"); *United States v. Fausto,* 484 U.S. 439, 448–50, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Bush v. Lucas,* 462 U.S. 367, 386, 388–89, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Grisham v. United States,* 103 F.3d 24, 26 (5th Cir.1997). McCrary does not allege that he exhausted his administrative remedies under the Civil Service Reform Act. Therefore, this Court lacks subject matter jurisdiction to hear McCrary's under the Civil Service Reform Act for a lack of ripeness. *See Home Builders Ass'n, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998). Therefore, McCrary's claims must fail for

lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

■ Even were McCrary's claims properly exhausted and before the Court, Plaintiff has failed to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). To state a claim for violation of due process under the Fifth Amendment, a plaintiff must establish the existence of a constitutionally protected property interest. *See Brock v. Roadway Exp., Inc.,* 481 U.S. 252, 260, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Bd. of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Bryan v. City of Madison,* 213 F.3d 267, 274–75 (5th Cir.2000). Although the rate of compensation is a protectable property interest, *see Wagner v. Texas A & M Univ.,* 939 F.Supp. 1297 (S.D.Tex.1996), Plaintiff has not denied that his offer letter was conditional. A conditional offer letter, even when the conditions are later met, does not create a constitutionally protected property interest. *See, e.g., Moore v. Muncie Police and Fire Merit Comm'n,* 312 F.3d 322 (7th Cir.2002) (conditioned employment does not create a protected property interest); *Hughes v. King,* 202 F.3d 273, 1999 WL 1256564 (7th Cir.1999) (employees at will have no protected property interest in employment); *Todd v. United States,* No. 03–5120, 2004 WL 2216527 (Fed.Cir. Oct.5, 2004) ("[O]ne is not entitled to a position until he has been duly appointed to it.").

This conclusion is buttressed by a number of additional findings. First, plaintiff was a probationary employee and therefore not analogous to the tenured employee situation in which the courts have found a protected property interest to exist. *See, e.g., Roth,* 408 U.S. at 576–78, 92 S.Ct.

---

1. Because McCrary's breach of contract claim is considered under the Little Tucker Act and that analysis addresses McCrary's constitutional claims, discussion of the jurisdictional basis for McCrary's constitutional claims under the Act are deferred until the next section.

2701. As a result, Plaintiff has no protected property interest in his salary continuing at a particular rate during the probationary period. Second, "[f]ederal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not *ipso facto* create a contract liability running from the Federal Government to the employee." *Shaw v. United States*, 226 Ct.Cl. 240, 640 F.2d 1254, 1260 (1981). Third, the TSA Administrator is granted the authority to "appoint . . . and fix the compensation, terms and conditions of employment. . . . The [Administrator] shall establish levels of compensation and other benefits for individuals so employed." 49 U.S.C. § 323(a); 49 U.S.C. § 44935 (note). The legislative history of the statute indicates the intent to give the Administrator broad discretion in fixing levels of compensation of TSA security screeners. *See* H.R. CONF. REP. No. 107–296, *reprinted in* 2001 U.S.C.C.A.N. at 600–01.

Therefore, the Court concludes that Plaintiff had no protectable property interest in a particular salary arising from the conditional appointment offer letter. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiffs' Fifth Amendment and due process claims.

### 2. Breach of Contract Claim

■ McCrary also raises a claim for back pay arising under a theory of breach of contract. However, McCrary has no actionable claim against the federal government under such a theory. "[A]bsent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government." *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed.Cir.1995) (internal quotation omitted). When an employee is hired by appointment, a breach of contract action against the federal government is precluded. *See*

*id.* at 1105. A plaintiff's employment "cannot be simultaneously governed by both an appointment and a contract." *Collier v. United States*, 56 Fed. Cl. 354, 356 (2003); *see United States v. Hopkins*, 427 U.S. 123, 128–29, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976). A contractual relationship with the federal government can only be established if the employment relationship is "specifically spelled out as a contract." *See Troutman v. United States*, 51 Fed. Cl. 527, 534 (2002) (internal citation omitted).

■ To determine if an employee's status is one of appointee or contract, the Court looks to relevant statutory language and regulations and the language of the hiring documents. *See Hopkins*, 427 U.S. at 127–30, 96 S.Ct. 2508. The relevant statutory language does not support a finding that a contractual relationship exists. Under the statute, the TSA Administrator is granted the authority to "*appoint* . . . and fix the compensation, terms and conditions of employment. . . .*" 49 U.S.C. § 323(a); 49 U.S.C. § 44935 (note) (emphasis added). No explicit mention of a contractual relationship is made in the relevant statute. Additionally, it is undisputed that McCrary's conditional offer of employment indicated that it was one of conditional appointment and did not explicitly indicate that McCrary was hired as a contract employee. (*See* Pl.'s Resp. at 11–12.) Therefore, the Court finds as a matter of law that Plaintiff was not a contract employee and concludes that it lacks subject matter jurisdiction to hear the case under the Little Tucker Act, U.S.C. § 1346(a)(2). For reasons discussed above in the previous section, the Court concludes that it also lacks subject matter jurisdiction to hear McCrary's constitutional claims under the Little Tucker Act or, in the alternative, that McCrary fails to establish a claim for which relief

can be granted as to these claims. Accordingly, Defendant's Motion to Dismiss McCrary's breach of contract and constitutional claims under the Little Tucker Act must be **GRANTED**.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED** with **PREJUDICE**.

SO ORDERED.