NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3311

PATRICK W. DOOLEY,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Patrick W. Dooley, of Baton Rouge, Louisiana, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3311

PATRICK W. DOOLEY,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0752080126-I-1.

_____

DECIDED: January 9, 2009

_____

Before RADER, FRIEDMAN and, LINN, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Patrick W. Dooley ("Dooley") petitions for review of a final decision of the Merit Systems Protection Board ("Board") dismissing on the basis of res judicata his claim that the Department of Veterans Affairs ("DVA") violated his First Amendment rights. <u>Dooley v. Dep't of Veterans Affairs</u>, No. DA0752080126-I-1 (M.S.P.B. Jan. 30, 2008) ("<u>Initial Decision</u>"), <u>review denied</u>, <u>Dooley v. Dep't of Veterans Affairs</u>, No. DA0752080126-I-1 (M.S.P.B. June 4, 2008). Because the Board lacked jurisdiction over Dooley's First Amendment claim, we vacate the Board's decision and remand with instructions to dismiss for lack of subject matter jurisdiction.

Beginning in February 1991, Dooley worked for the DVA under a temporary appointment as a cemetery caretaker for the Port Hudson National Cemetery near Baton Rouge, Louisiana. In 1992, the DVA terminated Dooley's appointment due to lack of funds. Dooley filed an independent right of action ("IRA") appeal to the Board in 1995 under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (2000), alleging that he was terminated in reprisal for protected whistleblowing activity. The Board rejected Dooley's whistleblowing claim on the merits, and this court affirmed. See Dooley v. Dep't of Veterans Affairs, No. DA1221950795-W-1 (M.S.P.B. Apr. 3, 1996), aff'd 101 F.3d 717 (Fed. Cir. 1996) (table). Dooley filed a second IRA action in 1997, which the Board dismissed under the doctrine of res judicata. See Dooley v. Dep't of Veterans Affairs, No. DA-1221970394-W-1 (M.S.P.B. July 31, 1997). Dooley then brought an action in the United States District Court for the Middle District of Louisiana, alleging that his termination violated his rights under the First Amendment. The district court dismissed Dooley's complaint for lack of subject matter jurisdiction, reasoning that the claim was barred by the Civil Service Reform Act, 5 U.S.C. § 1101 et seq. (1996). Dooley v. Principi, No. 3:03-CV-00672 (Oct. 18, 2005). The Fifth Circuit affirmed. Dooley v. Principi, 250 Fed. Appx. 114 (5th Cir. 2007) (unpublished disposition).

Dooley then filed the present claim—his third appeal to the Board—alleging that his termination violated his First Amendment rights. Initial Decision at 2-3. An administrative judge reviewed the record and found "no new issues raised by [Dooley] that were not included, or that could not have been included, in his prior appeals" to the Board. Id. at 4. The administrative judge therefore concluded that the doctrine of res judicata precluded litigation of Dooley's First Amendment claims. Id. at 5. The

administrative judge dismissed the case on the ground of res judicata, and the Board denied review.

On appeal, the DVA concedes that the Board erred by concluding that Dooley could have previously raised a First Amendment claim during his IRA whistleblower appeal. See Resp't's Informal Br. & App. at 8. As the Board has held, the Board lacks jurisdiction over First Amendment claims in the context of an IRA appeal under the Whistleblower Protection Act. See Van Ee v. Envt'l Prot. Agency, 64 M.S.P.R. 693, 699 (1994) ("[A]llegations that the agency violated the First Amendment and committed other prohibited personnel practices may not be heard in the context of an IRA appeal." (citing Marren v. Dep't of Justice, 51 M.S.P.R. 632, 637 (1991), aff'd, 980 F.2d 745 (Fed. Cir. 1992)); see also Moeller v. Dep't of Veterans Affairs, 62 M.S.P.R. 361, 364 n.3 (Erdreich, Chairman, dissenting) ("[I]t is unnecessary to address the appellant's argument . . . that his disclosure was protected by the First Amendment. . . . [T]he Board lacks jurisdiction to consider in this IRA appeal the claim of constitutional protection." (citing Marren, 51 M.S.P.R. at 638-41)). The Board erred in this case when it concluded that Dooley could have included his First Amendment claim in his prior appeals.

Notwithstanding this error by the Board, the DVA asks this court to affirm the Board's dismissal. The DVA correctly points out that the Board not only would have lacked jurisdiction over Dooley's First Amendment claim if he had brought it in his earlier appeals, but likewise lacked jurisdiction over Dooley's First Amendment claim in this case. Because Dooley's employment was temporary, he was not an "employee" for purposes of 5 U.S.C. § 7701(a). The Board therefore lacks jurisdiction to hear any

appeal concerning Dooley's termination, other than an IRA whistleblower claim. <u>See, e.g.</u>, <u>Anderson v. Merit Sys. Prot. Bd.</u>, 12 F.3d 1069, 1070-72 (Fed. Cir. 1993) (holding that Board lacks jurisdiction over appeals by temporary employees challenging termination). Both in the initial case and in this case, the Board lacked jurisdiction to render <u>any</u> judgment on Dooley's First Amendment claim—including a judgment dismissing that claim on res judicata grounds. "If it lacks jurisdiction, the Board is without authority to decide the issues presented by a petitioner. The [Board] has only the jurisdiction conferred on it by Congress. This jurisdiction, provided by statute, creates the power of the [Board] to hear and decide a case, <u>i.e.</u>, the Board's subject matter jurisdiction. Without jurisdiction, the Board's decision on the merits of a petition is a nullity." <u>Schmittling v. Dep't of Army</u>, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (citations and internal quotation marks omitted).

We decline to affirm a judgment that the Board lacked jurisdiction to enter, and instead we vacate the Board's judgment so that the Board can dismiss Dooley's petition for lack of subject matter jurisdiction. <u>See, e.g.</u>, <u>Pittman v. Dep't of Justice</u>, 486 F.3d 1276, 1282 (Fed. Cir. 2007) (vacating and remanding with instructions to dismiss claim when Board acted without subject matter jurisdiction). We therefore <u>vacate</u> and <u>remand</u> with instructions that the Board dismiss for lack of subject matter jurisdiction.

COSTS

No costs.