# REVISED

United States Court of Appeals,
Fifth Circuit.

No. 96-20305.

Joe P. GRISHAM, Plaintiff-Appellant,

v.

UNITED STATES of America;  National Aeronautics and Space Administration, Defendants-Appellees.

Jan. 10, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before KING and HIGGINBOTHAM, Circuit Judges, and KAZEN,[*] District Judge.

PER CURIAM:

Joe P. Grisham appeals the district court's order dismissing his case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Finding no error, we affirm.

## I. BACKGROUND

Taking Grisham's version of the facts, as we must in reviewing a 12(b)(6) dismissal, the facts are as follows.  In 1991, Grisham began work as a civil service employee at the Johnson Space Center of the National Aeronautics and Space Administration ("NASA").  He was employed as a reliability engineer on the space shuttle and space station programs.  Grisham became chief reliability engineer on the space shuttle project konwn as "Simplified Aid for EVA Rescue," dubbed "SAFER."

During a NASA reorganization, the SAFER project safety duties became Grisham's responsibility.  Grisham contends that he was told to prepare a "Preliminary Design Review" before doing a "Preliminary Hazards Analysis," which he contends violated NASA safety regulations.  Grisham claims that after he disclosed this alleged violation to his superiors, he was reprimanded, denied a transfer, and ultimately terminated.

---

[*]District Judge of the Southern District of Texas, sitting by designation.

1

Following his dismissal, Grisham filed an appeal with the United States Merit System Protection Board ("MSPB"), as provided for in the statutory scheme set out in the Civil Service Reform Act ("CSRA"). On September 9-10, 1993, the Administrative Law Judge ("ALJ") conducted a hearing on Grisham's appeal. At that hearing, Grisham contended that the adverse employment actions he suffered were the result of complaining about the safety violations, which he has labeled "whistleblowing." The Whistleblower Protection Act of 1989 ("WPA"), an amendment to the CSRA, protects government employees from retaliation for disclosing potentially embarrassing or damaging information about government operations. The WPA proscribes the following actions by supervisors if an employee makes a relevant disclosure:

> (8) tak[ing] or fail[ing] to take ... a personnel action with respect to any employee ... because of—
>
>> (A) any disclosure of information ... which the employee ... reasonably believes evidences—
>>
>>> (i) a violation of any law, rule, or regulation, or
>>>
>>> (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....

5 U.S.C. § 2302(b)(8).

In his written order affirming Grisham's discharge, the ALJ found that Grisham was discharged for insubordination, not in retaliation for his alleged whistleblowing activities. Grisham appealed the ALJ's ruling to the United States Court of Appeals for the Federal Circuit, pursuant to 5 U.S.C. § 7703(b)(1), and the Federal Circuit affirmed the ALJ's decision without a published opinion. Grisham chose not to seek review in the United States Supreme Court.

On March 1, 1995, Grisham filed this lawsuit against the United States and NASA (collectively "the government") in the district court, bringing claims under the First Amendment and the Federal Tort Claims Act ("FTCA"). Grisham alleged that his termination for whistleblowing violates his right to freedom of speech under the First Amendment and constitutes wrongful discharge. The government moved to dismiss under Rule 12(b)(6) for failure to state a claim upon

which relief can be granted.[1] The government contended that Grisham's claims are precluded by the CSRA. Alternatively, the government argued that Grisham's claims are barred by the doctrine of res judicata. The court adopted the recommendation of the magistrate judge and dismissed Grisham's suit based on the government's preclusion argument. The district court did not address the government's res judicata argument.

Grisham timely appealed. On appeal, he argues that his claims are not precluded by the CSRA. Furthermore, he contends that the district court's order violates the doctrine of separation of powers. The government disputes these arguments and re-urges its res judicata argument presented below. Because we determine that Grisham's claims are precluded and that there is no separation of powers violation, we affirm, and we decline to reach the res judicata argument.

## II. DISCUSSION

### A. Standard of Review

In reviewing a district court's dismissal for failure to state a claim under Rule 12(b)(6), we accept all factual allegations in the pleadings as true and examine whether the allegations state a claim sufficient to avoid dismissal. *Kansa Reinsurance Co. v. Congressional Mortgage Corp.,* 20 F.3d 1362, 1366 (5th Cir.1994). We can uphold a Rule 12(b)(6) dismissal only if it appears that, under any set of facts that could be proven consistent with the allegations in the pleadings, no relief could be granted. *Id.* While we must accept all factual allegations as true, we "need not resolve unclear questions of law in favor of the plaintiff." *Id.*

### B. Preclusion

Grisham argues that the WPA was not meant to preclude other remedies such as claims under the FTCA or the Constitution. The government argues that because the CSRA, including the WPA, is a comprehensive remedial scheme, it precludes causes of action relating to the type of employment disputes covered by the statute. We agree with the government.

---

[1] The government also moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. The district court denied that motion, and the government has not appealed on that ground.

An analysis of the history and case law of the CSRA and the WPA makes it clear that Grisham's claims are precluded and that he is limited to asserting his rights in the administrative process. The CSRA was enacted in 1978 to replace the old civil service system, which we have described as "an "outdated patchwork of statutes and rules built up over almost a century.' " *Rollins v. Marsh,* 937 F.2d 134, 137 (5th Cir.1991) (footnote omitted). The CSRA is a comprehensive scheme providing for judicial and administrative review and designed to balance the needs of federal employees with the needs of sound and efficient administration. *Id.*

In *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), a NASA employee was fired after making public statements that were highly critical of NASA, and, after pursuing the administrative process, the employee brought a First Amendment *Bivens*[2] claim against the director of the NASA center. *Id.* at 369-72, 103 S.Ct. at 2406-09. The Supreme Court held that it would be inappropriate to supplement the CSRA with a *Bivens* claim under the First Amendment. *Id.* at 368, 103 S.Ct. at 2406. The Court emphasized the importance of leaving undisturbed the "elaborate remedial system" Congress carefully constructed to address the grievances of federal employees and noted that constitutional challenges "are fully cognizable within this system." *Id.* at 386, 388-89, 103 S.Ct. at 2415, 2416-17. This court also addressed the preclusive effect of the CSRA in *Rollins v. Marsh.* The Rollinses worked for the Red River Army Depot (RRAD), and they sued when Mr. Rollins was suspended without pay after publishing nude photos of Mrs. Rollins. 937 F.2d at 135-36. The Rollinses brought, *inter alia,* FTCA and First Amendment *Bivens* claims against the Secretary of the Army and fifteen RRAD officials and employees after Mr. Rollins pursued these claims in the administrative process. *Id.* We held that both the Rollinses' *Bivens* and FTCA claims were effectively precluded by the comprehensive remedial scheme set forth in the CSRA. *Id.* at 137, 139-40. Thus, under *Bush* and *Rollins,* it is clearly established in the Fifth Circuit that FTCA and *Bivens* claims under the First Amendment by employees regarding employment actions covered by the CSRA are

---

[2]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

precluded.

The Whistleblower Protection Act was enacted in 1989 to increase protections for whistleblowers by prohibiting adverse employment actions taken because a federal employee discloses information that the employee reasonably believes evidences a violation of any law or actions that pose a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). Grisham contends that the WPA is substantially different from the other portions of the CSRA and that it should not preclude his other causes of action. Grisham points to 5 U.S.C. § 1222, entitled "Availability of other remedies," which states as follows:

> Except as provided in section 1221(i), nothing in this chapter or chapter 23 shall be construed to limit any right or remedy available under a provision of statute which is outside both this chapter and chapter 23.

Grisham then quotes the following passage from the WPA's legislative history:

> The bill contains a new section 1222 of title 5, United States Code, which provides that the network of rights and remedies created under chapter 12 and chapter 23 of title 5 is not meant to limit any right or remedy which might be available under any other statute.... Section 1222 is not intended to create a cause of action where none otherwise exists or to reverse any court decision. Rather section 1222 says it is not the intent of Congress that the procedures under chapters 12 and 23 of title 5, United States Code, are meant to provide exclusive remedies.

Grisham contends that these two authorities establish that claims covered by the WPA are not exclusive and thus he is not limited to a claim before the MSPB. We disagree. As Grisham concedes in his brief, the dispositive issue is whether the remedy would have been available before the WPA. *Bush* and *Rollins* clearly indicate that FTCA and First Amendment *Bivens* claims are effectively precluded by the CSRA. As we have previously stated, the WPA "refined and enhanced" the CSRA. *Rollins,* 937 F.2d at 137 n. 15. It did not fundamentally alter its structure. Because the CSRA precluded FTCA and *Bivens* First Amendment claims before the WPA, it necessarily must preclude those claims after the WPA, given that the WPA was "not intended to create a cause of action where none otherwise exists." We agree with the conclusion of the Ninth Circuit in *Rivera v. United States,* 924 F.2d 948, 954 (9th Cir.1991): "The Whistleblower Protection Act of 1989 increases protections for whistleblowers, but it does so within the context of the CSRA. The Act does not authorize

5

government employees to bring FTCA claims arising out of conduct addressed by the CSRA."[3] *See also Gergick v. Austin,* 997 F.2d 1237, 1239 (8th Cir.1993) (holding that the CSRA is an "exclusive remedial scheme" and that the WPA cannot be used to supplement or replace CSRA remedies), *cert. denied,* --- U.S. ----, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994). Therefore, the trial court did not err in dismissing Grisham's claims on the grounds that they are precluded by the CSRA.

*C. Separation of Powers*

Grisham argues that determining that the WPA precluded his FTCA and First Amendment causes of action violates the separation of powers doctrine. Grisham asserts that because administrative law judges are members of the executive branch, giving them exclusive power to make factual findings in whistleblowing cases when the executive branch has the most to lose by whistleblowing violates the separation of powers doctrine. We disagree.

According to the Supreme Court in *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986), a congressional delegation of adjudicative functions to an administrative agency is not objectionable unless it creates a "substantial threat to the separation of powers." *Id.* at 854, 106 S.Ct. at 3259. We find no substantial threat to the separation of powers from the conclusion that the WPA precludes Grisham's FTCA and First Amendment *Bivens* causes of action. First, the WPA, as part of the CSRA's administrative scheme, provides for an appeal to the Federal Circuit, thereby providing some level of judicial review.[4] *See Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 69 n. 23, 102 S.Ct. 2858, 2870 n. 23, 73 L.Ed.2d 598 (1982) ("[W]hen Congress assigns these matters to administrative agencies, or to legislative courts, it has generally provided, and we have suggested that it may be required to provide, for Art. III judicial review."). Second, Grisham challenges only the preclusive effect of the WPA. Given that the entire CSRA has the same preclusive effect, it is difficult to see how the narrow preclusive effect

---

[3]*See also Rollins,* 937 F.2d at 139 (endorsing the analysis in *Rivera* ).

[4]Grisham complains that this judicial review is ineffective because it gives deference to the administrative law judge's factual findings. However, Grisham provides no authority for this proposition.

6

provided specifically by the WPA could constitute a substantial threat. Therefore, the trial court did not violate the separation of powers doctrine in holding that Grisham's claims are precluded by the CSRA.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.