IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20568
Summary Calendar
_____


JENNIFER J. LONG,

             Plaintiff-Appellant,

                         versus

PAUL H. O'NEILL, Secretary of the Treasury, and DEBORA KELLOUGH, an
Individual,

             Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-3239
_____
January 10, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        Jennifer J. Long appeals from the district court's orders

dismissing, *inter alia*, her state law claims against her immediate

supervisor Debora Kellough and granting summary judgment in favor

of the defendants on Long's Title VII race discrimination and

retaliation, age discrimination, and First Amendment retaliation

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims.  Long raises several challenges to the district court's judgment.

First, Long argues that the district court erred in denying her request for additional discovery pursuant to Fed. R. Civ. P. 56(f).  We review such denials for abuse of discretion only.[1]  Long argues that the district court abused its discretion in denying her request for discovery regarding (1) the defendants' submission of affidavits from her former supervisors in support of their motion for summary judgment, (2) evidence of retaliation against other employees who testified before the Senate Finance Committee, and (3) the Internal Revenue Service's notice of intent to discharge Long filed the same day as the motion for summary judgment.  We find no abuse of discretion because, as aptly discussed by the district court in its order denying Long's request, the requested discovery as to other employees' experience and the withdrawn notice of intent to discharge would not provide evidence creating a genuine issue of material fact as to the claims that Long actually pled in her amended complaint.[2]  Moreover, we find no abuse of discretion in the district court's conclusion that Long

---

[1]  *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 605 (5th Cir. 2001).

[2]  *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).

failed to diligently pursue the requested discovery prior to the filing of the defendants' motion for summary judgment.[3]

Long next argues that the district court erred in granting summary judgment on the ground of Civil Service Reform Act preemption, which was not raised in the defendants' motion for summary judgment and was not addressed in Long's response. This issue, however, was raised in the defendants' motion to dismiss and addressed in the district court's order on that motion, in which the court determined that the issue of whether CSRA preemption applied to Long's specific claims could not be decided on the pleadings alone. Thereafter, it was appropriate for the district court to grant summary judgment on Long's First Amendment retaliation claim based on "personnel actions" on the basis of the court's consideration of the record, particularly where Long had notice of this issue from the prior motion to dismiss.[4] We find no error in the district court's determination that Long's First Amendment retaliation claim was precluded by the CSRA, as interpreted by our binding precedent.[5] Moreover, the district court did not err in granting summary judgment on Long's First Amendment retaliation claim based on the EEO office's dismissal of

---

[3] *See Beattie*, 254 F.3d at 606.

[4] *See Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996) (per curiam).

[5] *See Grisham v. United States*, 103 F.3d 24, 26-27 (5th Cir. 1997); *Rollins v. Marsh*, 937 F.2d 134, 138-39 (5th Cir. 1991).

Long's complaints, because this action is not an adverse employment action.[6]

Long also argues that the district court erred in failing to consider evidence of a pattern of First Amendment retaliation by the IRS. However, in her amended complaint, Long pled only that the dismissal of her claim by the EEO office was retaliatory based on her exercise of her First Amendment rights and so a First Amendment retaliation pattern claim was not before the district court. As for any such claim under Title VII, the district court addressed the claim as a Title VII reverse race discrimination pattern and practice claim and held that Long's evidence failed to raise a genuine issue of material fact supporting a pattern of reverse discrimination. Additionally, Long complains that the district court did not consider evidence of the IRS's withdrawn notice of intent to discharge her, or "Opportunity Letter," but Long made no request to amend her complaint to state a claim based on this letter. As such, the district court did not err in refusing to analyze Long's First Amendment or Title VII claims in light of it. Finally, contrary to Long's suggestion, the district court did consider her hostile work environment claim. Long's arguments for reversal and remand on these grounds are without merit.

---

[6] *See Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir.), *cert. denied*, 531 U.S. 816 (2000); *Pierce v. Tex. Dep't of Criminal Justice*, 37 F.3d 1146, 1149 (5th Cir. 1994).

4

Long further argues that genuine issues of material fact precluded summary judgment on her Title VII retaliation claim based on the IRS's failure to promote Long and that the district court improperly interpreted and applied *Reeves v. Sanderson Plumbing Products, Inc.*[7] We disagree. There is no inconsistency in the district court applying the *Reeves* Court's clear holding that a plaintiff may put forth marginally sufficient evidence of a prima facie case and pretext and yet no rational factfinder could conclude that the employment action was discriminatory.[8]

The defendants, however, complain that the failure to promote was not included in Long's amended complaint. This alone provides sufficient reason to affirm the summary judgment in favor of the defendants on this claim, but, because the district court addressed Long's lately-raised Title VII failure to promote claim, we will address the district court's reasoning on appeal.[9] Our review of the record convinces us that the district court did not err in concluding that this is an instance in which no rational factfinder

---

[7] 530 U.S. 133 (2000).

[8] *See id.* at 148; *see also Okoye v. Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 513-14 (5th Cir. 2001); *Vadie v. Miss. State Univ.*, 218 F.3d 365, 373 n.23 (5th Cir. 2000), *cert. denied*, 531 U.S. 1113 (2001), *and cert denied*, 531 U.S. 1150 (2001).

[9] *Cf. Gilley v. Protective Life Ins. Co.*, 17 F.3d 775, 781 (5th Cir. 1994).

5

could conclude that the failure to promote Long was based on discriminatory retaliation.[10]

Finally, Long argues that the district court erred in dismissing her state law claims against Kellough. We cannot agree because we are persuaded that the district court properly applied our holding in *Pfau v. Reed*[11] and did not err in dismissing these claims as preempted by Title VII.

AFFIRMED.

---

[10] *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000); *Vadie*, 218 F.3d at 374; *cf. Blow v. City of San Antonio*, 236 F.3d 293, 297 (5th Cir. 2001) (following *Reeves*, summary judgment was inappropriate where "[t]he plaintiff has proved her prima facie case; she has presented sufficient evidence to create a material issue of disputed fact as to whether the employer's explanation was false; and there are no unusual circumstances that would prevent a rational fact-finder from concluding that the employer's reasons for failing to promote her were discriminatory and in violation of Title VII" (footnote omitted)); *Evans v. City of Bishop*, 238 F.3d 586, 591 (5th Cir. 2000) (following *Reeves*, summary judgment was inappropriate where the plaintiff "put forth evidence beyond that of the prima facie case and pretext").

[11] 125 F.3d 927, 933-34 (5th Cir. 1997), *vacated on other grounds*, 525 U.S. 801 (1998), and *reinstated on remand*, 167 F.3d 228, 299 (5th Cir.) (per curiam), *cert. denied*, 528 U.S. 813 (1999).