IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-30141

PATRICK DOOLEY

Plaintiff-Appellant

v.

ANTHONY J. PRINCIPI, SECRETARY, DEPARTMENT OF VETERANS
AFFAIRS

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-cv-00672

Before JONES, Chief Judge, and DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Patrick Dooley (Dooley) appeals the dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court held that Dooley's claims in federal court were precluded by the Civil Service Reform Act (CSRA). 5 U.S.C. § 1101 et. seq. (1996). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Factual Background and Procedural History

Dooley was hired by the Department of Veterans Affairs (VA) as a temporary caretaker at the Port Hudson National Cemetery (Port Hudson Cemetery) on February 10, 1991. Dooley's temporary appointment with the VA was extended twice, and ultimately scheduled to end on September 30, 1992. On March 5, 1992, Dooley received a letter notifying him that his temporary appointment was ending effective March 20, 1992, due to lack of funds. Dooley believed he was being terminated for speaking with the National Director about concerns he had with his work at the cemetery. On September 5, 2003, Dooley filed suit in the United States District Court for the Middle District of Louisiana, alleging he was wrongfully terminated in violation of his rights under the First Amendment. The VA filed a motion to dismiss on August 31, 2004. Dooley also filed a motion to compel discovery and a motion to suppress his deposition, which the district court denied. On October 17, 2005, the district court dismissed Dooley's complaint, holding that the CSRA preempted Dooley's claim. The district court held that it lacked subject matter jurisdiction. Dooley appeals the district court's dismissal of his claim and argues that he is entitled to bring a civil action and present his case to a jury because the procedures under the CSRA do not provide a meaningful remedy. Dooley does not dispute that he is subject to the CSRA. Dooley also appeals the denial of his motion to compel and motion to suppress.

## II. Discussion

This court reviews a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) de novo, employing the same standard as the district court. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss under Rule 12 (b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992); see also Johnson v. Hous. Auth. of Jefferson Parish, 442 F.3d 356, 359 (5th

Cir. 2006). When considering a Rule 12(b)(6) motion to dismiss, the court requires "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

The CSRA provides the exclusive remedy for claims against federal employers, thereby precluding any causes of action relating to employment disputes covered by the statute. See Grisham v. United States, 103 F.3d 24, 26 (5th Cir. 1997) (per curiam); Rollins v. Marsh, 937 F.2d 134, 137-40 (5th Cir. 1991). The courts have determined that federal civil servants have adequate protection under the comprehensive scheme of the CSRA, which provides for administrative and judicial review of their claims. See Bush v. Lucas, 462 U.S. 367, 385-90 (1983).[1] The courts have declined to create a new judicial remedy to address First Amendment claims regarding federal employment action. See id; see also Grisham, 103 F.3d at 26 (First Amendment claim and claims under the FTCA); Rollins, 937 F.2d at 139-40 (constitutional, FTCA, Title VII, and state common law claims). "[U]nder Bush and Rollins, it is clearly established in the Fifth Circuit that . . . Bivens claims under the First Amendment by employees regarding employment actions covered by the CSRA are precluded." Grisham, 103 F.3d at 26.

Dooley's exclusive remedy was under the CSRA, and thus he was precluded from filing a judicial complaint seeking damages for the alleged First Amendment violation. Therefore, the district court did not err in dismissing his complaint. Insofar as Dooley complains about the district court's rulings on his

---

[1] In Grisham v. United States, this court analyzed the impact of Bush v. Lucas on federal employees' claims brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Grisham, 103 F.3d at 24, 26-27. Bush v. Lucas involved an employee who was terminated after making highly critical public statements about his employer, NASA. Bush, 462 U.S. at 369-72. After pursuing the administrative process, the employee brought a First Amendment claim pursuant to Bivens. Id. The Supreme Court held that it would be inappropriate to supplement the CSRA with a Bivens claim under the First Amendment. Bush, 462 U.S. at 368. The Court noted that constitutional challenges were fully cognizable under the scheme created by the CSRA. Id.

motion to compel and his motion to suppress his deposition, a favorable ruling on those issues would have no effect on the dismissal of his complaint based on the preclusive effect of the CSRA.  Thus, those claims are moot.

AFFIRMED.