Jorge **GONZALEZ, Chubasco, Inc., El Coronel, Inc., El Grande Trawlers, Inc., Gonzalez Fisheries, Inc., Leon Trawlers, Inc., Rio Purification, Inc., and Rio San Marcos, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, Defendant.**

Civil Action No. 1:06–CV–105.

United States District Court,
S.D. Texas,
Brownsville Division.

June 24, 2009.

Mark Arthur Brown, U.S. Department of Justice Wildlife & Marine Resources Section and Karen Raine, National Oceanic and Atmospheric Administration, for Defendant.

## MEMORANDUM OPINION AND ORDER

ANDREW S. HANEN, District Judge.

On June 30, 2006, Plaintiffs Jorge Gonzalez et al. filed a Complaint in this Court against the United States Department of Commerce, National Oceanic and Atmospheric Administration challenging four separate but related administrative actions concerning civil-penalty assessments and permit sanctions in connection with Plaintiffs' activities in the federal gulf shrimp fishery. (Doc. No. 1). A series of continuances were granted while two of these actions worked their way through the administrative process, and on August 11, 2008, Plaintiffs filed their Second Amended Complaint (Doc. No. 20).

On February 27, 2009, Defendant filed a Motion to Dismiss, asking the Court to dismiss all of Plaintiffs' claims for, *inter alia,* failure to state a claim and want of jurisdiction. (Doc. No. 27). Plaintiffs filed a Response on March 27, 2009 (Doc. No. 28), to which Defendant replied on April 10, 2009 (Doc. No. 29). The Court set a hearing to consider oral argument on the Motion to Dismiss, which was ultimately held on June 16, 2009.

Having considered Defendant's Motion to Dismiss, Plaintiffs' Response, Defendant's Reply, the argument of the hearing held June 16, 2009, and all relevant facts and law, Defendant's Motion to Dismiss (Doc. No. 27) is hereby **GRANTED IN PART** and **DENIED IN PART.**

### *Background* [1]

### I. Penalties and Sanctions

Plaintiffs in this action challenge four separate but related administrative actions of the National Oceanic and Atmospheric Administration ("NOAA") concerning civil-penalty assessments and permit sanctions in connection with Plaintiffs' activities in the federal gulf shrimp fishery. Plaintiff

---

[1]. This section relies on facts culled from Plaintiffs' Second Amended Complaint, Defendant's Motion to Dismiss, the administrative record, and the unchallenged representations of counsel in the hearing of June 16, 2009.

Jorge Gonzalez is the officer/director/shareholder of all of the corporate Plaintiffs in this case. These corporations own boats that have conducted fishing and shrimping operations throughout the Gulf of Mexico. Mr. Gonzalez and/or the corporations have had a long history of conflict with the NOAA. Since 1983, corporations controlled by Mr. Gonzalez have been issued at least 33 separate civil penalties or permit sanctions for violations of federal law and regulations.

The administrative actions at issue in this case begin with a two-count Notice of Violation and Assessment ("NOVA") issued by the NOAA on September 12, 2002, against Respondent corporation Rio Purificacion, Inc. in case number SE001412ES/FM ("1412") for violations of the Magnuson–Stevens Act (a by-catch reduction device violation) and the Endangered Species Act (a turtle-excluder-device violation) that occurred on or about November 10, 2000. The NOVA assessed civil penalties totaling $14,000. A copy of the NOVA was received and signed for via certified mail by Raul Garcia, an employee of Mr. Gonzalez's and/or one or more of the corporations of which he is the principal shareholder, on November 18, 2002. This NOVA (1412) was also personally served on Mr. Garcia on February 11, 2003.

Roughly a month after the issuance of NOVA 1412, on December 5, 2002, regulations promulgated by the NOAA requiring persons to possess a valid federal permit in order to harvest shrimp in the Gulf Exclusive Economic Zone ("EEZ") went into effect. *See* 50 C.F.R. § 622.4(a)(2)(xi); Fisheries of the Caribbean, Gulf of Mexico, and South Atlantic; Shrimp Fishery of the Gulf of Mexico; Amendment 11, 67 Fed.

Reg. 51,074–02 (Aug. 7, 2002). In March of 2003, five Gonzalez-related corporations submitted applications for federal permits. On April 11, 2003, these applications were returned by the agency for more complete information.[2] These applications were never resubmitted.

On August 1, 2003, NOAA issued a Notice of Permit Sanction/Notice of Intent to Deny Permit ("NIDP") for the failure to pay an overdue penalty in case 1412. The NIDP was addressed and by its terms applied to not only Rio Purificacion, Inc., the corporation cited in NOVA 1412, but to eight other corporations owned by Mr. Gonzalez, as well.

In December of 2003, Mr. Gonzalez met with NOAA attorney Karen Raine in Florida for discussions concerning the outstanding fine. Mr. Gonzalez had apparently by this time retained an attorney, Mr. Dennis M. Sanchez. At this meeting Ms. Raine advised Mr. Gonzalez that the matter should be handled by Mr. Gonzalez's attorney and apparently indicated that she believed a resolution of the issue was likely.

On April 22, 2004, the NOAA issued a NOVA against Rio San Marcos, Inc. (i.e., not Rio Purificacion, Inc., the company cited in NOVA 1412, but another company whose stock is owned by Mr. Gonzalez) in case number SE30369FM ("30369") for a violation of the Magnuson–Stevens Act (fishing or possessing shrimp without a federal permit) on or about October 17, 2003 (i.e., about 2 months after the NIDP was issued and about 2 months before Mr. Gonzalez met with Ms. Raines). This NOVA assessed a penalty of $30,000. NOVA 30369 was sent by certified mail and received and signed for by Raul Garcia on September 15, 2004.

---

**2.** According to Plaintiffs, the information requested included dates of birth and financial reports.

On March 22, 2005, NOAA issued a NOVA against Gonzalez Fisheries, Inc. (another Gonzalez corporation) in case number SE050027FM ("50027") for fishing or possessing shrimp without a federal Gulf of Mexico shrimp permit on or about February 3, 2005. The boarding party found approximately 1,354 pounds of shrimp onboard the vessel, which National Marine Fisheries Agents seized and sold the following day for $5,912.65. This NOVA also assessed a penalty of $30,000. This NOVA was sent by certified mail and received and signed for by Raul Garcia on April 1, 2005.

On June 24, 2005, NOAA issued a NOVA against Rio San Marcos, Inc. (the same company that received NOVA 30369) in case number SE43022FM ("43022") for fishing for or possessing shrimp without a federal Gulf of Mexico shrimp permit. The NOVA assessed a $30,000 penalty. The NOVA was sent by certified mail and received and signed for by Raul Garcia on June 29, 2005. On the same day that Raul Garcia signed for NOVA 43022, i.e., June 29, 2005, Mr. Gonzalez requested a hearing on all four of the NOVAs just described.

On October 25, 2005, NOAA issued a second NIDP, this time for the failure to pay the overdue fine on NOVA 30369. The NIDP was, as before, addressed and by its terms applied to not only Rio San Marcos, Inc., the corporation cited in NOVA 30369, but also to eight other corporations whose stock is owned by Mr. Gonzalez.

## II. Administrative Decisions

On April 18, 2006, Administrative Law Judge ("ALJ") Walter Brudzinski issued an Order granting the Agency's Motion in Opposition to Hearing Request in case numbers 1412 and 30369. (Doc. No. 1 Ex. A at 3). The issue before the ALJ was whether the request for a hearing on these two NOVAs was made within 30 days after each was served, as required by 15 C.F.R. § 904.102. (*Id.*). Mr. Gonzalez argued that he (or more specifically, the corporate respondents) were never properly served because Raul Garcia was not authorized to accept service for any of Mr. Gonzalez's companies. The ALJ held that the respondents were effectively served because Garcia was an "other representative" for the purposes of 15 C.F.R. 904.3(c). (*Id.* at 9–10). The ALJ ultimately denied a hearing on NOVAs 1412 and 30369 on the grounds that each respondent had failed to request a hearing within 30 days of being served. (*Id.*). The ALJ further held that Respondents' failure to timely request a hearing resulted in the NOVAs becoming final agency action. (*Id.*). The ALJ granted a hearing on NOVAs 50027 and 43022, however, after finding that the request was timely for both. (*Id.*).

On May 31, 2006, the same ALJ issued an Order denying Respondents' Request for Reconsideration, holding, *inter alia,* that the respondents did not have a right to a hearing on the two NIDPs (i.e., the permit sanctions related to NOVAs 1412 and 30369) because they had had a previous opportunity to participate as a party in an administrative hearing on the underlying NOVAs pursuant to 15 C.F.R. § 904.304(b), which provides:

> There will be no opportunity for a hearing if, with respect to the violation that forms the basis for the NIDP, the permit holder had a previous opportunity to participate as a party in an administrative or judicial hearing, whether or not the permit holder did participate, and whether such a hearing was held.

In the case of these two NIDPs, no hearings on the underlying NOVAs were held because Mr. Gonzalez failed to timely request them. (*See* Doc. No. 1 Ex. A at 7–9).

On March 21, 2006, ALJ Brudzinski held an in-person hearing on NOVA 50027 and on December 5, 2006, issued an Initial Decision concluding that the Respondent had violated the regulations as charged, and imposed a civil penalty of $30,000. (Doc. No. 18 Ex. A). On January 4, 2007, Respondent filed a petition requesting discretionary review of this decision, which was denied on May 1, 2007, constituting final agency action on the matter. (*Id.*).

On August 22, 2006, ALJ Thomas E. McElligott held an in-person hearing on NOVA 43022 and on February 12, 2008, issued an Initial Decision concluding that the Respondent had violated the regulations as charged, and imposed a civil penalty of $30,000. (Doc. No. 20 Ex. A). On March 13, 2008, Respondent filed a petition requesting discretionary review of this decision, which was denied on July 10, 2008, constituting final administrative action on the matter. (*Id.*).

### Plaintiffs' Claims

Plaintiffs originally filed this suit on June 30, 2006, one month after the ALJ denied reconsideration of his denial of hearings on NOVAs 1412 and 30369, and on the NIDPs. Proceedings were delayed until August 11, 2008, a month after the final agency action on the last NOVA, so that the case could complete its course through the agency. On that date, Plaintiffs filed their Second Amended Complaint, which is the pleading now under consideration.

Plaintiffs' numerous claims constitute a variety of challenges to the four NOVAs, the fines they imposed, and to the two NIDPs. Plaintiffs challenge both the factual bases for the NOVAs themselves, as well as the constitutionality of the procedures used to impose the fines, deny all of Mr. Gonzalez's corporations shrimping permits, and review the agency's actions.

What follows is a summary of Plaintiffs' claims.

## I. CONSTITUTIONAL CLAIMS

### A. Fifth Amendment

1. Due Process

   a. Plaintiffs contest the constitutionality of the agency's issuing and enforcing permit sanctions for separate and distinct potential permit holders based on one Plaintiff corporation's alleged non-payment of a penalty assessment (Doc. No. 20 at ¶¶ 5.0; 5.3(b))

   b. Plaintiffs contest the constitutionality of imposing fines on and denying permits to Respondents when service was not effectively made upon them (i.e., for NOVAs 1412 and 30369) (*id.* at ¶ 5.3(f))

   c. Plaintiffs contend that 15 C.F.R. § 904.304(b) (denying a hearing on a permit sanction when there was an opportunity to have a hearing on the underlying facts) conflicts with 16 U.S.C. 1858(g)(5), which provides that no permit sanctions shall be imposed "unless there has been a prior opportunity for a hearing on the facts underlying the violation for which the sanction is imposed" (*id.* at ¶ 5.1)

   d. Plaintiffs contend that the agency has unconstitutionally deprived them of the right to work (*id.* at ¶ 5.3(1))

   e. Plaintiffs contend that the discretion of only one person to impose penalties and permit sanctions (in this case, agency lawyer Karen Raines) is arbitrary and capricious (*id.* at ¶ 5.3(n))

   f. Plaintiffs contend that 16 U.S.C. § 1857(1)(A) and 50 C.F.R § 622.7(a) unconstitutionally allow

for liability of a corporation owning a shrimping boat for the actions of a boat captain not under the corporation's "control" (*id.* at ¶ 5.3(a))

g. Plaintiffs contend that the statute allowing for a $30,000 fine is vague and overbroad (*id.* at ¶ 5.3(d))

h. Plaintiffs contend that the regulation placing the burden to show ability to pay a fine on the respondent is unconstitutional (*id.* at ¶ 5.3(*o* ))

i. Plaintiffs contend that the agency unconstitutionally failed to consider the evidence they submitted concerning their ability to pay and that Plaintiffs were unconstitutionally denied the opportunity to present such evidence (*id.* at ¶ 5.3(p))

j. Plaintiffs contend that the agency failed to prove that the plaintiffs were actually witnessed unlawfully fishing [this claim, though more factual than constitutional, is included under the heading "Constitutionality" in the Complaint] (*id.* at ¶ 5.3(q))

2. Equal Protection

a. Plaintiffs contend that Mr. Gonzalez's various corporations have not been treated equally, i.e., corporations not owing money to the agency are being denied shrimping permits because of money owed by other distinct corporations (*id.* at ¶ 8.0(a), (c))

b. Plaintiffs contend that equal protection has been denied them because the agency has rejected Plaintiffs' offers of "reasonable compromises" (*id.* at ¶ 8.0(b))

3. Takings

a. Plaintiffs again raise the issue of their "right to work", this time in the context of a claim for an unlawful taking (*id.* at ¶ 10.0(a))

b. Plaintiffs again raise the issue of depriving corporations of shrimping permits for the unpaid fines of other distinct corporations, this time in the context of a claim for an unlawful taking (*id.* at ¶ 10.0(b))

4. Double Jeopardy

Plaintiffs claim that the agency's issuing of both a NOVA fine and a permit denial for the same alleged violation constitutes double jeopardy (*id.* at ¶ 5.3(c))

**B. Sixth Amendment**

1. Plaintiffs contend that the unavailability of a jury trial of alleged violations of agency regulations (i.e., the NOVAs) violates their right to a jury trial (*id.* at ¶ 13.0(a))

2. Plaintiffs contend that the unavailability of a jury trial concerning the permit sanctions (i.e., the NIDPs) also violates their right to a jury trial (*id.* at ¶ 13.0(b))

**C. Eighth Amendment**

1. Plaintiffs again raise the issue of denying permits to corporations for the actions of other distinct corporations, this time alleging that such action constitutes cruel and unusual punishment (*id.* at ¶ 9.0(a))

2. Plaintiffs contend that the permit sanctions themselves constitute cruel and unusual punishment (*id.* at ¶ 9.0(b))

3. Plaintiffs contend that the $30,000 fines imposed for the NOVAs constitute cruel and unusual punishment (*id.* at ¶ 9.0(c))

**D. Separation of Powers**

1. Plaintiffs contend that to the extent that one person (in this case, Karen Raines) has the discretion to issue permit sanctions, absent any judicial review, this violates the separation of

powers between the executive and the judicial branches, making 16 U.S.C. § 1858 of the Magnuson–Stevens Fishery and Conservation Management Act unconstitutional (*id.* at ¶ 12.0(a))

2. Plaintiffs again raise the issue of depriving corporations of shrimping permits for the unpaid fines of other distinct corporations, this time claiming such action violates the separation of powers, as well as the Supremacy Clause (*id.* at ¶ 12.0(b))

## II.  OTHER CLAIMS

### A.  Tortious Interference

Plaintiffs contend that the agency is tortiously interfering with Plaintiffs' business relations because prospective buyers of Plaintiffs' boats are scared away because of the permit sanctions, which attach to vessels regardless of ownership (*id.* at ¶ 14.0)

### B.  Section 1983

Plaintiffs contend that the permit sanctions were arbitrary and capricious state action "tantamount to discriminatory denials" in violation of 42 U.S.C. § 1983 (*id.* at ¶ 15.0)

### *Defendant's Motion to Dismiss*

Defendant asks this Court to dismiss each and every claim in Plaintiffs' complaint, on grounds of either lack of subject-matter jurisdiction, failure to state a claim, or sovereign immunity.

## I.  Failure to Exhaust

Defendants first contend that the Court does not have subject-matter jurisdiction to consider claims concerning NOVAs 1412 and 30369 because by failing to timely request an administrative hearing on these NOVAs, Plaintiffs failed to exhaust their administrative remedies. (Doc. No. 20 at 11–14).  This argument turns on whether or not the plaintiffs were required by the applicable regulations in this case to appeal to a superior agency authority before judicial review becomes available (i.e., the Administrative Procedure Act's ("APA") "exhaustion requirement").  Fifth Circuit precedent holds that a party's failure to pursue a discretionary administrative review—such as a petition for reconsideration or a petition for discretionary review with the Administrator of the agency—does not implicate the APA's exhaustion requirement because such review is not *required* under the applicable regulations. *See United States v. Menendez*, 48 F.3d 1401, 1410–12 (5th Cir.1995).  Defendants argue that *Menendez* does not apply to the facts underlying NOVAs 1412 and 30369, because what is at issue in this case is not Plaintiffs' failure to pursue these latter-stage, admittedly discretionary appeals, but rather their failure to timely request the first stage of review, i.e., hearings, which Defendants argue is required under 15 C.F.R. § 904.102(a), and so is not discretionary for the purposes of applying the APA'a exhaustion requirement.  Thus, Defendant contends, Plaintiffs failure to exhaust nondiscretionary administrative review in cases 1412 and 30369 deprives this Court of jurisdiction to consider any related claims.

### A.  Failure to Timely Request Judicial Review

Alternatively, Defendant contends that the Court does not have subject-matter jurisdiction to consider claims concerning NOVAs 1412 and 30369 because Plaintiffs failed to timely request judicial review. (*Id.* at 14–16).  Title 16 U.S.C. § 1858(b) provides for the opportunity for judicial review of a NOVA or a permit sanction within 30 days of the Secretary's final order.  NOVAs 1412 and 30369 became

final, according to Defendant, on October 14, 2002, and May 24, 2004, respectively. Plaintiffs failed to file the instant, or any other, suit until June 30, 2006. Accordingly, the Government urges that all claims related to 1412 and 30369 be dismissed for lack of jurisdiction because they were untimely filed.

The Government further argues that since the plaintiffs' claims concerning other two NOVAs, which it concedes have been timely challenged, as well as the NIDPs all stem "largely" from the Government's alleged failure to provide proper administrative hearings in cases 1412 and 30369, all claims so related should be dismissed as well. (*Id.* at 16). Put another way, the Government contends that because NOVAs 50027 and 43022 were both issued for shrimping without a permit, and the reason the respondents didn't have permits ultimately relates back to the NIDPs issued against all Gonzalez corporations for failure to pay the fines in cases 1412 and 30369, then since NOVAs 1412 and 30369 are time barred, all claims in NOVAs 50027 and 4322 that relate back to the facts surrounding NOVAs 1412 and 30369 should also be time barred.

### B. Failure to State a Claim: Due-Process Claims

Defendant contends first that all of Plaintiffs' due-process claims must be dismissed because such claims are only cognizable upon a showing that a recognized liberty or property interest is at stake, which Plaintiffs have failed to do. (*Id.* at 16–18). The Government denies any "conceivable liberty interest" and focuses on the possibility of a property interest. Defendant argues:

1. Although permits may not be denied arbitrarily, the National Fisheries Management Service may set permit requirements, or even stop issuing permits altogether, as long as the regulations are rationally related to a legitimate government interest; in this case, the gear and fishery permit regulations are rationally related to the Government's interest in protecting endangered species and managing fisheries

2. Federal courts have already established that individuals such as Plaintiffs have no property right in federal fishery resources that would entitle them to due-process protections in a permit-denial reconsideration process

(*Id.*). Second, Defendant contends that even if Plaintiffs did have a protected property interest in the permits, the procedures provided by the applicable regulations meet the test for procedural due process articulated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). (*Id.* at 18–19).

### C. No Subject–Matter Jurisdiction on Takings Claims

Defendant contends that this Court has no jurisdiction to hear Plaintiffs' takings claims because they are for more than $10,000 and so by statute the United States Court of Federal Claims has exclusive jurisdiction. (*Id.* at 19–22). Takings claims against the federal government are premature until the property owner has availed himself of the process provided by the Tucker Act, which Plaintiffs have failed to do. Therefore, Defendant concludes, since the federal government only waives non-tort claims against it within the structures of the Tucker Act, Plaintiffs takings claims must be dismissed.

### D. Failure to State a Claim on Equal Protection Claims

Defendant contends Plaintiffs' equal-protection claims should be dismissed be-

cause to be cognizable, Plaintiffs must show that the distinctions allegedly drawn by the agency among Mr. Gonzalez's corporations, and between those corporations and other vessels, were based on an unjustifiable standard such as race, religion, or other arbitrary classification. (*Id.* at 22–24). Further, Defendant contends, Plaintiffs must show that the agency had a discriminatory effect and a discriminatory purpose. (*Id.*) More specifically, in the context of selective prosecution, Plaintiffs bear a heavy burden to show by clear evidence that other persons committed the same violations as Plaintiffs allegedly committed, the same or a greater number of times, and that the evidence against the plaintiffs is as strong or stronger than the evidence against the other violators-none of which, according to Defendant, Plaintiffs have shown. For these reasons, Defendant urges the dismissal of Plaintiffs' equal-protection claims.

### E. Failure to state a Claim on Eighth Amendment Claims

Defendant contends that Plaintiffs fail to state a claim under the Eighth Amendment because Plaintiffs do not allege, as they must in the context of an excessive-fines claim, that the permit sanctions imposed by Defendant were "excessive" in light of the amount of civil penalties expressly authorized by 16 U.S.C. § 1858(a), which allows penalties up to $100,000. (*Id.* at 26–28). Defendant notes that Plaintiffs cite no authority suggesting that this claim could be analyzed under the "cruel and unusual punishment" clause of the Eighth Amendment. (*Id.* at 27 n. 10).

### F. Failure to State a Claim under Section 1983

Defendant contends that 42 U.S.C. § 1983 provides relief against unconstitutional *state* action, and Plaintiff has utterly failed to allege that Defendant acted under color of state law. (*Id.* at 24–25). Defendant notes that the NOAA is a federal agency, all of whose actions in this case were taken under color of *federal* law. (*Id.* at 25).

### G. Tortious Interference Claim Barred by Sovereign Immunity

Defendant contends that to the extent that this is a tort claim, it must comply with the strictures of the Federal Tort Claims Act ("FTCA"). The FTCA requires a claimant first to present the claim to the appropriate Federal agency. Plaintiffs have not presented such a tort claim to the NOAA and so, according to Defendant, have not satisfied the statutory prerequisite for bringing any tort claim against the United States. (*Id.* at 25–26). This claim requirement is jurisdictional in nature and requires dismissal.

Alternatively, Defendant argues, even if Plaintiffs had met the statutory prerequisite, the claim would nonetheless be barred by 28 U.S.C. § 2680(h), which provides that the United States is not subject to suit in any claim arising out of interference with contract rights. (*Id.* at 26).

### H. Failure to State a Claim as to Separation of Powers

Defendant cites authority holding that "a congressional delegation of adjudicative functions to an administrative agency is not objectionable unless it creates a substantial threat to the separation of powers." (*Id.* at 28 (quoting *Grisham v. United States,* 103 F.3d 24, 27 (5th Cir.1997))). Plaintiffs have shown no such substantial threat here, Defendant contends. Moreover, the judicial-review provisions of the Magnuson–Stevens Act permit judicial oversight of adjudicative action taken by the NOAA. Plaintiffs, Defendant contends,

simply failed to timely avail themselves of this opportunity. (*Id.*)

### Standard of Review

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992) (citing *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1974)). To decide whether a complaint sufficiently states any claims against the defendants, a court must look to the facts well pleaded by the complaint. *Id.* A Rule 12(b)(6) dismissal may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).[3]

In a motion to dismiss under 12(b)(1) taking the form of a facial attack on the complaint, the court must determine if the plaintiff has alleged a "sufficient basis of subject-matter jurisdiction." *Oaxaca v. Roscoe,* 641 F.2d 386, 391 (5th Cir.1981). Where necessary, the court may consider the complaint supplemented by undisputed facts in the record, in addition to the court's resolution of disputed facts. *Bar-* *rera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

### Discussion

#### I. Timeliness

For the purposes of this Order, it makes the most sense to begin with Defendant's arguments concerning timeliness. Defendant contends that this Court lacks subject-matter jurisdiction over all claims arising from NOVAs 1412 and 30369 because in both cases, Plaintiffs failed to timely appeal final agency action within 30 days. (Doc. No. 27 at 15–16).

Under 15 C.F.R. § 904.102(a), the recipient of a NOVA has 30 days from receipt of the NOVA in which to (1) accept the penalty or compromise penalty, if any, by taking the actions specified in the NOVA; (2) seek to have the NOVA amended, modified; (3) request a hearing; (4) request an extension of time to respond; or (4) take no action, in which case the NOVA becomes a final administrative decision and order of NOAA 30 days after service of the NOVA or on the last day of any delay period granted. *See also* 15 C.F.R. § 904.104(a). The Magnuson–Stevens Fishery Conservation and Management Act provides for judicial review of a civil penalty issued by an agency within 30 days of final agency action. 16 U.S.C. § 1858(b).[4]

#### NOVA 1412

NOVA 1412 was issued by the NOAA on September 12, 2002, against Respondent corporation Rio Purificacion, Inc. for violations of the Magnuson–Stevens Act (a by-

---

3. For the most recent recitation of these standards, see also *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).

4. "Any person against whom a civil penalty is assessed under subsection (a) of this section or against whom a permit sanction is imposed under subsection (g) of this section (other than a permit suspension for nonpayment of penalty or fine) may obtain review thereof in the United States district court for the appropriate district by filing a complaint against the Secretary in such court within 30 days from the date of such order...." 16 U.S.C. § 1858(b).

catch reduction device violation) and the Endangered Species Act (a turtle-excluder-device violation) that occurred on or about November 10, 2000. A copy of the NOVA was received and signed for via certified mail by Raul Garcia, an employee of Mr. Gonzalez's and/or one or more of the corporations of which he is the sole shareholder, on November 18, 2002. The Respondent's request for a hearing on NOVA 1412 came on June 29, 2005, as part of a request for hearings on three other NOVAs issued subsequent to 1412, and so fell well outside the 30–day window provided by the applicable regulations. Thus, under 15 C.F.R. §§ 904.102(a) and 904.104(a), NOVA 1412 became final agency action on or about December 18, 2002, i.e., 30 days after the respondent was served. Under 16 U.S.C. § 1858(b), Respondent had 30 days from December 18, 2002, to request judicial review. Respondent (now Plaintiff) commenced this suit, i.e., requested judicial review of NOVA 1412, on June 30, 2006. (Doc. No. 1).

■ On these facts, Plaintiff appears to have missed the deadline for requesting judicial review of claims arising from NOVA 1412, and so this Court lacks jurisdiction to consider and must dismiss such claims. See 16 U.S.C. § 1858(b); Picciandra v. Sec'y of U.S. Dep't of Commerce Nat'l Oceanic and Atmospheric Admin., Civ. A. No. 86–2828–MC, 1989 WL 33617, at *1 (D.Mass. Apr. 6, 1989). Plaintiffs oppose this conclusion on four grounds. First, Plaintiffs contend that the deadlines for requesting an administrative hearing on NOVA 1412, as well as for requesting judicial review, were never triggered because the respondent in that action—Rio Purificacion, Inc. "was never properly served." (Doc. 28 at 13). According to Plaintiffs, "[t]he record is devoid of any showing that the respondent's registered agent for service of process or an attorney

or 'other representative' as provided under 15 C.F.R. § 904.3(a), was ever served with the NOVA to satisfy due process concerns." (Id. at 14–15).

Plaintiffs have not denied—and at the hearing of June 16, 2009, explicitly conceded—that Raul Garcia, the individual who on November 18, 2002, received and signed for the copy of the NOVA sent by certified mail, was at the time an employee of at least one corporation whose stock is owned by Jorge Gonzalez. According to the representations of counsel at oral argument, Mr. Garcia is a bookkeeper for one of the Gonzalez interests. It is undisputed that Mr. Gonzalez is the sole officer/director/shareholder of the respondent in case 1412, Rio Purificacion, Inc. Plaintiffs have never denied receiving the service. In fact, it is undisputed that Mr. Garcia received service of process on all four of the NOVAs at issue in this case, and that Plaintiffs timely requested an administrative hearing and judicial review for NOVAs 50027 and 43022. The Court finds that Mr. Garcia was an "other representative" for the purposes of 15 C.F.R. § 904.3(a) and Plaintiffs were effectively served on November 18, 2009.

■ Second, Plaintiffs contend that final agency action on NOVA 1412 did not occur 30 days after Rio Purificacion, Inc. was served, i.e., when the time to request an administrative hearing had elapsed, and thus the deadline for requesting judicial review was not tied to this date. Instead, Plaintiffs argue, the true final agency action occurred when ALJ Brudzinski denied Respondents' Motion for Reconsideration of the ALJ's previous determination that final agency action on NOVA 1412 occurred 30 days after Respondents were served. (Doc. No. 28 at 8). Alternatively, Plaintiffs argue that final agency action was extended when the agency issued the permit sanction premised on Respondents'

failure to pay the fine on NOVA 1412. (*Id.* at 13).

Plaintiffs provide no authority suggesting that agency actions such as the denial of reconsideration of a previous ruling or an NIDP constitute final agency action for the purposes of 16 U.S.C. § 1858(b). Moreover, Plaintiffs ignore the clear language of 15 C.F.R. § 904.104(a), which states: "If no request for hearing is timely filed ... the NOVA becomes effective as the final administrative decision and order of NOAA 30 days after service of the NOVA or on the last day of any delay period granted." Accordingly, the Court finds that NOVA 1412 became final agency action on or about December 18, 2009, and that the period for judicial review expired 30 days later.

Finally, Plaintiffs suggest that to the extent that the agency took almost a year to process Plaintiffs' June 29, 2005 request for hearings on all four NOVAs, Defendant should be estopped from making a timeliness argument in view of its own "unfair dealing." (*Id.* at 14). Plaintiff fails to plead the elements of estoppel or develop any argument beyond this conclusory allegation. Accordingly, the Court finds such argument to be without merit.

For these reasons, the Court finds that Plaintiffs' request for judicial review of claims arising from NOVA 1412 is untimely and so must be dismissed for want of subject-matter jurisdiction.

*NOVA 30369*

On April 22, 2004, the NOAA issued NOVA 30369 against Respondent corporation Rio San Marcos, Inc. for a violation of the Magnuson–Stevens Act (fishing or possessing shrimp without a federal permit) on or about October 17, 2003. This NOVA assessed a penalty of $30,000. NOVA 30369 was sent by certified mail, and received and signed for by Raul Garcia on September 15, 2004. Respondent's re-

quest for a hearing on NOVA 30369 came on June 29, 2005, as part of a request for hearings on three other NOVAs, and so fell well outside the 30–day window provided by the applicable regulations. Thus, under 15 C.F.R. §§ 904.102(a) and 904.104(a), NOVA 30369 became final agency action on or about October 15, 2004, i.e., 30 days after Respondent was served. Under 16 U.S.C. § 1858(b), Respondent had 30 days from October 15, 2002, to request judicial review. Respondent (now Plaintiff) commenced this suit, i.e., requested judicial review of claims concerning NOVA 30369, on June 30, 2006. (Doc. No. 1).

Defendant advances the same legal arguments for dismissal of all claims related to NOVA 30369 as in the case of NOVA 1412, and Plaintiff offers essentially the same counter-arguments. The Court finds that Raul Garcia was an "other representative" for the purposes of 15 C.F.R. § 904.3(a) and that the respondent for NOVA 30369 was effectively served on September 15, 2004. The Court further finds that final agency action occurred 30 days later, when the respondent's period for requesting an administrative hearing had elapsed. Finally, the Court finds that Plaintiff's request for judicial review in the instant Complaint fell outside the 30–day window prescribed by 16 U.S.C. § 1858(b), and so all claims arising from NOVA 30369 must be dismissed for want of subject-matter jurisdiction.

## II. NOVAs 50027 and 43022

■ Regarding NOVAs 50027 and 43022, Defendant concedes that Plaintiffs exhausted their administrative remedies and timely filed for judicial review in these cases, but argues:

To the extent that Plaintiffs' claims concerning [these NOVAs] stem largely, if

not entirely, from the Defendant's alleged failure to provide administrative hearings (and/or to consider factual matters and legal issues) pertaining to [NOVAs 1412 and 30369], a finding that Plaintiffs failed to timely request judicial review in the latter two cases warrants dismissal of Plaintiffs' related claims concerning the former two cases.

(Doc. No. 27 at 16). Defendant cites no authority for the proposition that a court should or must dismiss claims concerning a particular agency action against one plaintiff merely because those claims "stem largely" from other, prior agency actions against other plaintiffs that were not themselves timely challenged. Nor would such a rule make sense. If Congress passes an unconstitutional law and such a law is enforced against one particular citizen who fails to timely challenge the enforcement of that law against him or her, this failure does not preclude a later, separate plaintiff from challenging such a law when it is applied against him or her at a later date. The plaintiffs and the injuries are distinct, even if the source of the injuries is ultimately the same.[5] Accordingly, finding Plaintiffs' request for judicial review of claims arising from NOVAs 50027 and 43022 timely and otherwise properly filed, this Court denies Defendant's request for dismissal of these cases.

### III. Substantive Grounds for Dismissal

Defendant has offered a variety of substantive grounds for dismissal of Plaintiffs' various claims, constitutional and otherwise. After having reviewed the pleadings and briefs, as well as the administrative record and the arguments made at the hearing of June 16, 2009, the Court finds

that the issues implicated by Defendant's substantive grounds for dismissal are not yet adequately developed at this stage in the proceedings to meet the high threshold required on a motion to dismiss. Thus, the Court denies Defendant's Motion to Dismiss Plaintiffs' claims arising out of NOVAs 50027 and 43022 without prejudice to Defendant's offering similar substantive grounds at the summary-judgment stage.

For these reasons, Defendant's Motion to Dismiss (Doc. No. 27) is hereby **GRANTED IN PART** and **DENIED IN PART.** Specifically, the Motion is **GRANTED** as to all Plaintiffs' claims arising out of NOVAs 1412 and 30369, and **DENIED** as to all claims arising out of NOVAs 50027 and 43022.

---

**5.** In the instant case, the respondents were Rio Purificacion, Inc. in NOVA 1412 and Rio San Marcos, Inc. in NOVA 30369, while in NOVA 50027 the respondent was Gonzalez Fisheries, Inc. The respondent in NOVA 43022 was also Rio San Marcos, Inc.; however the alleged injury suffered, i.e., a $30,000 fine, was distinct from the fine imposed in NOVA 30369 and so gives rise to a separate claim.