NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2015[*]
Decided February 25, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3191

| | |
|---|---|
| JEAN A. MONTGOMERY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 7137 |
| PATRICK R. DONAHOE, Postmaster | |
| General, United States Postal Service, | James B. Zagel, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Jean Montgomery was fired from her job at the United States Postal Service. She unsuccessfully challenged her discharge before the Merit Systems Protection Board and the Federal Circuit. She also brought this action in the district court. Her complaint states only one claim: that several months before she was fired the Postal Service had engaged in age discrimination by issuing her a written warning and then suspending her without

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

pay. The district court granted the Postal Service's motion to dismiss, principally reasoning that Montgomery had not exhausted her administrative remedies and, moreover, that she appeared to be litigating substantially the same matter in two forums. Montgomery appeals, focusing only on the first of these reasons. We affirm the judgment.

Montgomery was a customer services manager at the Englewood neighborhood post office in Chicago, Illinois. In October 2011 she received a written warning citing several instances of misconduct, including not reporting an employee's accident. Montgomery could have been suspended for 7 days. The next month she was put on unpaid suspension for "disrupting day-to-day postal operations," disregarding Postal Service safety policies and procedures, and "untimely reporting accidents at Englewood Station." This suspension was triggered by an "Emergency Placement in Off-Duty Status," *see* U.S. POSTAL SERVICE, EMPLOYEE AND LABOR RELATIONS MANUAL § 651.4, and later recast as a change in status to leave without pay. The parties refer to the suspension as an emergency placement, as do we. In April 2012 the Postal Service sent Montgomery a "Notice of Proposed Removal" listing similar misconduct.

Montgomery, who is now 66 years old, first contacted an Equal Employment Opportunity counselor at the Postal Service in May 2012. The counselor documented that Montgomery had complained about receiving the written warning, the "Emergency Placement in Off-Duty Status," and the notice of proposed removal.[1] Montgomery attributed all of these actions to age discrimination and retaliation for prior EEO activity. She then submitted a formal EEO complaint that mentions only the notice of proposed removal and accuses her supervisor of acting in bad faith during an unsuccessful attempt to mediate this threat of discharge. The formal EEO complaint says nothing

---

[1] The Postal Service asserts in its appellate brief that this initial contact with an EEO counselor was untimely as to the written warning and emergency placement in off-duty status because these allegedly discriminatory actions occurred more than 45 days earlier. *See* 29 C.F.R. § 1614.105(a)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges"). But the Postal Service waived this affirmative defense by not raising it in the district court. *See Castro v. Chi. Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004); *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000).

about the emergency placement in off-duty status and only mentions the earlier written warning in demanding that Human Resources apologize for mishandling Montgomery's objections to that warning. In August 2012, one week after submitting her formal complaint, Montgomery received a "Letter of Decision" terminating her employment with the Postal Service. Afterward she did not amend her formal complaint to protest her discharge.

The Postal Service rejected Montgomery's formal EEO complaint with the explanation that a notice of proposed removal is not a challengeable adverse action and that comments made during mediation are privileged. The Postal Service noted that Montgomery had included allegations about the written warning and emergency placement when she contacted the EEO counselor. But those allegations had been abandoned, the Postal Service asserted, when Montgomery omitted them from her formal complaint. In September 2012 Montgomery appealed this decision to the Equal Employment Opportunity Commission.

About three weeks later, but before the EEOC had reached a decision, Montgomery challenged her discharge before the Merit Systems Protection Board. By then Montgomery was represented by counsel, but she did not raise any claim of discrimination before the MSPB. In February 2013 an administrative judge upheld her termination as lawful, and at that point Montgomery, now pro se, asked the full MSPB to review the administrative judge's decision. In her petition to the MSPB, Montgomery characterized her emergency placement in off-duty status as evidence of wrongdoing by the Postal Service. And though she did not explicitly assert age discrimination, she did claim that she had suffered retaliation after contacting the Office of Inspector General for the Postal Service and reporting her supervisors' "illegal activities," including falsifying records and nepotism.

Meanwhile, in July 2013 the EEOC upheld the Postal Service's rejection of Montgomery's formal EEO complaint. The EEOC agreed with the Postal Service that Montgomery's formal complaint includes only allegations about the notice of proposed removal and the employer's purported failure to engage in good-faith discussion about that notice. And like the Postal Service, the EEOC concluded that these allegations do not state an actionable claim. Montgomery then filed this action in federal district court. In her October 2013 complaint, she claims that the Postal Service discriminated against her in violation of the Age Discrimination in Employment Act. *See* 29 U.S.C. § 633a. She also claims that she was retaliated against for contacting the Inspector General, in violation of

the Whistleblower Protection Act. *See* 5 U.S.C. § 1221. Montgomery attached 70 pages of documents to her complaint, including the EEOC's decision.

Less than a month later the MSPB upheld the administrative judge's decision. The MSPB commented that to the extent Montgomery's "evidence implicates potential affirmative defenses"—which would include claims of age discrimination and retaliation for contacting an agency's Inspector General, *see* 5 U.S.C. § 2302(b)(1)(B), (b)(8)(B)—those defenses came too late because Montgomery had not mentioned them before the administrative judge. She unsuccessfully appealed the MSPB's decision to the Federal Circuit, which, in June 2014, similarly noted that it would not consider defenses that Montgomery never presented to the administrative judge. *See Montgomery v. U.S. Postal Serv.*, 566 F. App'x 968, 971 (Fed. Cir. 2014).

Back in the district court (and before the Federal Circuit had disposed of Montgomery's appeal), the Postal Service moved to dismiss Montgomery's federal complaint. The Postal Service did not discuss Montgomery's claim under the Whistleblower Protection Act, presumably because her recourse for that alleged violation was exclusively a complaint to the MSPB, not a suit in district court. *See* 5 U.S.C. § 1221(e)(1); *Richards v. Kiernan*, 461 F.3d 880, 885–86 (7th Cir. 2006); *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002); *Grisham v. United States*, 103 F.3d 24, 27 (5th Cir. 1997). On Montgomery's claim of age discrimination, the Postal Service argued that her only exhausted claim—as evidenced by the EEOC's decision—relates to the notice of proposed removal. And, the Postal Service continued, the EEOC had correctly concluded that the notice to Montgomery was not an adverse employment action that could support her claim of age discrimination. The Postal Service further argued that Montgomery could not challenge her discharge because she already was doing that in the Federal Circuit. Montgomery responded that this action in the district court is not about the notice of proposed removal, as the Postal Service asserted, or the discharge itself. Her claim of age discrimination, she clarified, concerns the Postal Service's written warning and emergency placement in off-duty status, which occurred months before she received the notice of proposed termination. The Postal Service countered that Montgomery had not administratively exhausted her challenges to the written warning and emergency placement and also argued again that she was trying to litigate the same issues in two forums simultaneously. The district court agreed with the Postal Service on both grounds, granted the motion to dismiss (also forgoing a discussion of the whistleblowing claim), and terminated the case. The court's reasons are set out in its initial decision dismissing the action as supplemented by an order denying Montgomery's motion for reconsideration.

On appeal Montgomery disputes the district court's conclusion that she never exhausted her administrative remedies concerning the claim that age discrimination was the real reason she received the written warning and was placed in emergency off-duty status before being fired. (Montgomery also discusses her whistleblower claim, but as we have noted, that claim was not properly before the district court.) A written warning is not an adverse action, *see Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004), so we are concerned only with the emergency placement.

But if we accept Montgomery's contention, then she is precluded from bringing her discrimination suit in federal district court. If Montgomery's formal EEO complaint is read to include a protest of the emergency placement in off-duty status, then she would have filed what is known as a "mixed case complaint," i.e., a complaint asserting discrimination arising from an employment action appealable to the MSPB. *See* 29 C.F.R. § 1614.302(a)(1), (b). The MSPB has jurisdiction, as relevant here, over a termination of employment or an unpaid suspension that lasts more than 14 days. *See* 5 U.S.C. § 7512(1), (2). Montgomery was first suspended on November 15, 2011, when she was placed on emergency off-duty status, which the Postal Service's Employee Manual says is without pay. *See* U.S. POSTAL SERVICE, EMPLOYEE AND LABOR RELATIONS MANUAL § 651.4. And Montgomery says that her employment status was changed to leave without pay by May 2012. Because she was not discharged for another three months, the emergency placement in off-duty status was an action appealable to the MSPB because it was an unpaid suspension lasting more than 14 days. *See Jennings v. Merit Sys. Prot. Bd.*, 59 F.3d 159, 160–61 (Fed. Cir. 1995) (discussing emergency placement in off-duty status of postal employee as a suspension that would invoke MSPB jurisdiction if sufficiently lengthy).

When a federal employee first files a mixed case complaint with her employer (instead of with the MSPB), she has elected to proceed exclusively in that forum. *See* 29 C.F.R. § 1614.302(b). If the employer renders an adverse decision, the employee has two options: She can proceed to the MSPB with a "mixed case appeal" or file a discrimination suit in the district court. *See* 5 U.S.C. § 7702(a)(2), (3); 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d)(3); *Kloeckner v. Solis*, 133 S. Ct. 596, 601 (2012). The employee would not have the option, however, of proceeding to the EEOC at this stage. *See* 29 C.F.R. § 1614.302(d)(3). Only if she has taken her mixed case appeal to the MSPB and lost can the employee go to the EEOC, *see* 5 U.S.C. § 7702(b)(1); 5 C.F.R. § 1201.161(a); 29 C.F.R. § 1614.303(a), though she instead could bypass the EEOC and either file a suit in the district court—encompassing both discrimination claims and the action appealable to the MSPB—or abandon any claim of discrimination and ask the

Federal Circuit to review only the employment action that gave the MSPB jurisdiction. *See* 5 U.S.C. §§ 7702(a)(3), 7703; 5 C.F.R. § 1201.157; *Kloeckner*, 133 S. Ct. at 604; *Pueschel v. Peters*, 577 F.3d 558, 563–64 (4th Cir. 2009); *Chappell v. Chao*, 388 F.3d 1373, 1378 (11th Cir. 2004). Montgomery instead progressed to the EEOC *and* the MSPB simultaneously after the Postal Service had issued its adverse decision on her formal complaint. If we accept that this was a mixed case, which we must for Montgomery's argument on appeal to hold, then she should not have been before the EEOC. She should have been before only the MSPB.

And in front of the MSPB, Montgomery did not bring any discrimination claim. She effectively tried to split her theories, arguing unlawful discrimination through one administrative process and the merits of the adverse employment actions taken against her through another. This course of action was improper. By designing procedures for the handling of mixed cases and explicitly requiring the MSPB to decide *both* appealable employment actions and allegations of discrimination when presented with a mixed case appeal, *see* 5 U.S.C. § 7702(a)(1), Congress recognized that these are "two sides of the same question and must be considered together." *See Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983) (quoting legislative history). Because Montgomery did not raise her discrimination claim before the MSPB, she abandoned it and cannot now try to raise it in federal district court. *See McAdams v. Reno*, 64 F.3d 1137, 1142–43 (8th Cir. 1995) (concluding that discrimination claims had been abandoned because they were not raised during prior action in front of MSPB but arose from facts "overlapping" those presented to MSPB).

Montgomery now has challenged in several forums the Postal Service's actions leading to her dismissal. We caution her that our decision in this appeal closes the book on the matter.

AFFIRMED.