NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2022[*]
Decided November 18, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-1771

| | |
|---|---|
| JEAN MONTGOMERY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15-cv-10840 |
| SCIALLA ASSOCIATES, INC., et al., *Defendants-Appellees.* | Robert M. Dow, Jr., *Judge.* |

## O R D E R

This case, brought under diversity jurisdiction, involves a former United States Postal Service employee's allegations of professional negligence against the advocates who represented her in proceedings before the United States Merit Systems Protection

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Board. The district court found the claim time-barred and lacking in merit, and entered summary judgment for the defendants. We affirm.

Jean Montgomery's suit arises out of her removal from her job managing a Chicago post office in 2012. To help her bring an administrative appeal to the Merit Systems Protection Board, she sought assistance from the National Association of Postal Supervisors, a nonprofit management association. To assist her, the association retained Scialla Associates, an organization that employs both lawyers and non-lawyer advocates to represent clients before the Merit Systems Protection Board. The organization designated a non-lawyer advocate, William Simpson, as her representative for the hearing before the administrative judge. (Advocates in these hearings are not required to be lawyers. 5 U.S.C. § 7701(a).) After the administrative judge affirmed her dismissal, Montgomery unsuccessfully appealed the decision to the Board, and then to the United States Court of Appeals for the Federal Circuit.

Montgomery then brought this action in federal district court against Simpson, Scialla Associates, its president Charles Scialla, and the National Association of Postal Supervisors. In her operative complaint Montgomery alleged that (1) all the defendants breached a contract to provide her with a lawyer advocate; (2) all the defendants fraudulently misrepresented that Simpson was a lawyer; and (3) the Scialla defendants committed professional negligence based on Simpson's poor performance in the appeal.

The defendants filed a motion to dismiss, which the district court granted in part. The court dismissed the breach-of-contract and fraudulent-misrepresentation claims because Montgomery had not plausibly alleged that the defendants' failure to provide her with a licensed attorney resulted in her unsuccessful appeal. But the court also concluded that she had sufficiently alleged a state-law claim of professional negligence against the Scialla defendants, and allowed her to proceed with discovery on that claim.

The court ultimately entered summary judgment for the Scialla defendants. The court determined that Montgomery's claim—which accrued at the latest on October 28, 2013, when the Board affirmed the administrative judge's adverse decision—was time-barred under Illinois's two-year statute of limitations for legal malpractice (which also applies to non-attorney employees). *See* 735 ILCS 5/13-214.3(b). Alternatively, the court concluded that Montgomery did not furnish evidence from which a reasonable jury could infer that Simpson's performance caused her to lose the appeal.

On appeal, Montgomery has not meaningfully developed any challenge to the district court's summary judgment ruling, *see* FED. R. APP. P. 28(a)(8), *Anderson v.*

*Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), but we touch upon the one argument that we can discern. She argues that the court should have included the National Association of Postal Supervisors as a defendant on her professional-negligence claim because the Association—which, she asserts on appeal, was the Scialla defendants' employer—should have been vicariously liable for Simpson's negligent performance. But even if we assumed without deciding that the Association was their employer, employers could be liable under a theory of respondeat superior only if their employees were liable. *See Gaston v. Ghosh*, 920 F.3d 493, 497 (7th Cir. 2019). And Montgomery cannot make that showing.

After Montgomery filed several unsuccessful suits challenging the Postal Service's actions leading to her termination, we cautioned her that our decision in a 2015 appeal "closes the book on this matter." *Montgomery v. Donahoe*, 602 F. App'x 638, 642 (7th Cir. 2015). Nevertheless, she proceeded to sue the Postmaster General about her termination on the basis of retaliation. *Montgomery v. Brennan*, No. 16-c-533, 2017 WL 951352 (N.D. Ill. Mar. 8, 2017). And she has since filed this appeal, supplemented with a brief that is wholly undeveloped. We now order her to show cause within 14 days why monetary penalties under Rule 38 of the Federal Rules of Appellate Procedure should not be imposed—not simply for being persistent in the face of warnings but also for filing a brief that does not address the grounds on which the district court decided the case.

AFFIRMED